ALLAN C. DALZELL, Appellant, *v.* THE FAHYS WATCH CASE COMPANY, Respondent.

Plaintiff's complaint alleged in substance that he was the owner of certain letters patent, that the parties entered into an agreement by which plaintiff agreed to assign to defendant all his right to the said letters patent and the inventions covered thereby, defendant to manufacture and sell the patented articles, and to pay to plaintiff one-half the net profits; that pursuant to said agreement, plaintiff assigned "unto the defendant, or for its use, and at its request, the letters patent aforesaid;" that defendant manufactured and sold, under said letters patent and contract, realizing a sum specified as net profits, but refused to pay over to plaintiff one-half thereof. On demurrer to the complaint, *held*, that it set forth a good cause of action; that while plaintiff was bound under the contract to assign the inventions, as well as the letters patent, defendant having accepted the assignment of the latter, used them, and made the net profits by the use, it had the substantial benefit of the agreement; that if the assignment was not as full and complete as it was entitled to, it should have refused to accept it, or to use the patents; that it could not use them and then refuse to pay the stipulated compensation; also, that the allegation that the assignment was made to "defendant, or for its use," was sufficient, as it was averred that this was done at its request.

(Argued April 25, 1893; decided May 5, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

March 2, 1892, which affirmed a judgment in favor of defend-
ant, entered upon a decision of the court, on trial at Special
Term, sustaining a demurrer to plaintiff's complaint.

This is an appeal from a final judgment entered in favor of
the defendant upon its demurrer to the plaintiff's complaint.
The complaint is as follows:

" Plaintiff herein complaining of the above-named defendant
shows to this court, and alleges:

" I. On information and belief that at all the times herein-
after mentioned, the defendant was and still is a corporation
duly created, organized and existing under the laws of the
state of New York.

" That heretofore there were issued, in due form of law,
unto this plaintiff by the United States of America five sev-
eral Letters Patent, as follows:

" Number 329,284, granted October 27, 1885;

" Number 329,285, granted October 27, 1885;

" Number 329,286, granted October 27, 1885;

" Number 384,620, granted September 7, 1886;

" Number 355,144, granted December 28, 1886;

and being the same Letters Patent mentioned in the contract
duly made, executed and delivered interchangeably between
the parties hereto, a copy of said agreement being hereunto
annexed and made a part hereof.

" That thereafter and under and by virtue of said annexed
contract in that behalf, this plaintiff did, on or about Decem-
ber 27, 1887, duly assign, transfer and set over- unto the
defendant or for its use and at its request the Letters Patent
aforesaid.

" That thereafter and ever since, the defendant, as plaintiff
is informed, verily believes and alleges, has manufactured and
sold under said Letters Patent and contract, upwards of one
million two hundred and fifty thousand of · the commodities
thereby covered and referred to, and that after all the deduc-
tions authorized by said agreement from the proceeds of such
sales, there remains received by defendant and being net
profits the sum of one hundred and fifty thousand dollars.

"That plaintiff has duly and fully done and performed all the matters and things by him to be done and performed under said contract on his part and from said defendant demanded his said moiety of net profits thereunder accordingly, but the defendant has refused to pay over said moiety nor account thereof, to plaintiff's damage seventy-five thousand dollars.

"Wherefore, plaintiff demands judgment against defendant for seventy-five thousand dollars, besides the costs and disbursements of this action."

The contract annexed to the complaint is as follows:

"WHEREAS, Allan C. Dalzell, of Sag Harbor, on Long Island, in the State of New York, now employed by the 'Fahys Watch Case Company,' a corporation of the State of New York, has obtained a number of Letters Patent of the United States for improvements in Watch Cases, Watch Movements, Jewelry, etc.

"AND WHEREAS, The said The Fahys Watch Case Company is desirous of acquiring an interest in said inventions and patents, and in all future inventions of said Allan C. Dalzell and the patents obtained thereon:

"Now, THIS INDENTURE WITNESSETH, That for and in consideration of the sum of one dollar to the said Allan C. Dalzell in hand paid by the said Fahys Watch Case Company, the receipt of which is hereby acknowledged, the said Allan C. Dalzell hereby agrees to assign, sell and set over unto the said The Fahys Watch Case Company all the right, title and interest in all inventions and the Letters Patent obtained thereon, which the said Allan C. Dalzell may now have and which he may hereafter acquire, by future inventions and Letters Patent thereon or otherwise relating in any way or important in and valuable to the business of The Fahys Watch Case Company, provided the said The Fahys Watch Case Company may desire to manufacture under said Letters Patent, and shall require in writing the said Allan C. Dalzell so to assign said patent or patents. In consideration of which

the said The Fahys Watch Case Company hereby agree to and with the said. Allan C. Dalzell, that the said The Fahys Watch Case Company when in manufacture under any patent so assigned or to be assigned as aforesaid will furnish all the machinery and money it deems necessary to conduct the business of manufacturing and placing the goods so manufactured upon the market, and that the net profits arising from the sale of the said goods so manufactured under patents aforesaid after deducting all costs and expenses, including cost of manufacture, selling, bad debts, etc., shall be equally divided between the parties hereto.

"IN WITNESS WHEREOF, the said Allan C. Dalzell has hereunto set his hand and seal, and the said Fahys Watch Case Company has caused its corporate seal to be hereto affixed and attested by its secretary, and these presents to be signed by its president, the twenty-first day of April, in the year ' eighteen hundred and eighty-six.' "

The demurrer is upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action.

*Edmund T. Oldham* for appellant. The complaint states a good cause of action. (*Maine* v. *Garrison*, 83 N. Y. 23 ; *Conaughty* v. *Nichols*, 42 id. 83 ; *Bristow* v. *Tracy*, 21 Barb. 236 ; *Betts* v. *Pierce*, 14 Wend. 219 ; *Kuhn* v. *Stevens*, 36 How. Pr. 275.)

*William A. Jenner* for respondent. The complaint does not set forth a cause of action. (U. S. R. S. § 4895 ; *Clarke* v. *Bowe*, 60 How. Pr. 98.) Plaintiff was bound to allege, as he is bound to prove, that he assigned all the right, title and interest in the inventions and the letters patent obtained thereon. He contracted to do that; he is bound to plead it. (*Gilmore* v. *Aiken*, 118 Mass. 94 ; *McClurg* v. *Kingsland*, 1 How. [U. S.] 202 ; *Buffalo* v. *Bitter*, 87 N. Y. 250.) The plaintiff was also bound to assign the *inventions*. He does not plead that he did so. He merely says he assigned the letters patent. This did not necessarily carry the inventions.

The invention and the letters patent are separable. Inventions
may be assigned before they are patented. (*Cammeyer* v.
*Newton*, 94 U. S. 225; *Hendrie* v. *Sayles*, 98 id. 576; *Hoff-
heimer* v. *Campbell*, 59 N. Y. 269; *Malone* v. *Sherman*, 17
J. & S. 530; *Lorey* v. *Culver*, 22 id. 404.) The plaintiff, by
his covenant, was bound to assign the inventions and letters
patent *to the defendant company*, but the complaint
merely alleges that the plaintiff assigned the patents "unto
the defendant *or for its use* and at its request." If a pleading
is susceptible of two meanings, that is taken which is most
unfavorable to the pleader. *Moores* v. *Lehman*, 20 J. & S.
283; *Clark* v. *Dillon*, 97 N. Y. 370; *Oakley* v. *Morton*, 11
id. 25; *Garvey* v. *Fowler*, 4 Sandf. 605; *Hosley* v. *Black*,
25 N. Y. 538; *Tooker* v. *Arnoux*, 76 id. 397.) Pleadings
are construed more strictly on demurrer than on trial. (*St.
John* v. *Northrup*, 23 Barb. 25; *Wall* v. *City of Buffalo*, 18
N. Y. 119.)

EARL, J. The complaint is clearly sufficient. It contains
a plain and precise statement of facts constituting the plain-
tiff's cause of action. It specifies five patents which were
issued to him at the dates mentioned, and avers that those
patents are the same that are mentioned in the contract
annexed to the complaint; that under the contract the plain-
tiff did at a date mentioned duly assign, transfer and set over
to the defendant, or for its use and at its request, the patents
mentioned; that it has manufactured and sold under the
patents and contract a large quantity of the commodities
covered by and referred to in the patents; and that after all
the deductions authorized by the contract, there remained net
profits received by it amounting to the sum of $150,000;
that he has demanded his half of such net profits; that it has
refused to pay that share to him, and he demands judgment.
So far as we can perceive this complaint is absolutely unas-
sailable. It is quite true as contended by the defendant that
the plaintiff was bound to assign to it not only the letters
patent, but all the inventions. We may assume that the

plaintiff has not assigned the inventions, but we cannot assume that he has refused to do so. The averment in the complaint is that upon the request of the defendant he assigned the patents, and that it has used them and made the net profits by the use of them. It has, therefore, had the substantial benefit of the agreement thus far. If the plaintiff's assign-ment was not as full and complete as it was entitled to have, it should have refused to accept it, or to use the patents, and then it could have compelled him to perform his contract, or have sued him for damages. But having taken an assignment of the patents under the agreement, and used them, it cannot refuse to pay the share of the profits stipulated in the con-tract. If it now wishes an assignment of the inventions, it must demand it, and if refused, it may compel the assignment by suit or recover damages for the refusal; or it may retransfer the patents to the plaintiff and refuse further to use them. But it cannot retain the patents and use them without any liability to pay the stipulated compensation for their use. So too if the defendant has suffered any damages because the plaintiff has refused to assign the inventions it may interpose a counterclaim for such damages in this action.

The agreement requires the plaintiff to assign the patents to the defendant, and it is claimed that the complaint is defect-ive because it alleges that he assigned, transferred and set over the patents " to the defendant, or for its use." But it is alleged that the assignment was thus made at its request. It certainly would be a performance of the contract on the part of the plaintiff if, at the request of the defendant, it assigned the patents to some person for its use, and it thereafter used them and had the benefit of them. It is quite hypercritical to say that the letters patent mentioned in the complaint are not those referred to and contemplated by the contract. It is alleged that they were issued to the plaintiff; that they are the same letters patent mentioned in the contract; that the patents were assigned to the defendant at its request, in pur-suance of the contract, and that it used them. What further allegations were needed?

This complaint cannot be condemned as insufficient without applying rules for its construction more stringent than have ever prevailed in this state, in despite of the provision of the Code (§ 519), which requires the allegations of pleadings to be liberally construed, with a view to substantial justice between the parties.

The judgments of the General and Special Terms should be reversed and judgment given for the plaintiff upon the demurrer, with costs, with leave, however, to the defendant, within twenty days after the filing of the remittitur in the court below, upon payment of all the costs subsequent to the demurrer, to answer the complaint.

All concur.

Judgment reversed.